1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9            EASTERN DISTRICT OF CALIFORNIA

10

11   ONESIMO HARO,                    )    1:11-cv-00653-OWW-JLT HC
                                      )
12                  Petitioner,        )    FINDINGS AND RECOMMENDATIONS TO
                                      )    DISMISS FIRST AMENDED PETITION
13        v.                          )    (Doc. 7)
                                      )
14   HARTLEY, Warden,                 )    ORDER DIRECTING THAT OBJECTIONS
                                      )    BE FILED WITHIN TWENTY DAYS
15                  Respondent.        )
                                      )
16   _____)

17

18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19   pursuant to 28 U.S.C. § 2254.

20        On April 26, 2011, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

21   Petitioner challenges the California court's orders upholding a November 25, 2009, decision of the

22   California Board of Parole Hearings ("BPH"), that found that Petitioner was unsuitable for parole.

23   Petitioner claims there was no "current reliable" evidence presented that he posed a current risk of

24   danger to the public if released on parole and that the BPH's decision was not based on "some

25   evidence" in the record.

26        After its initial screening of the petition, the Court, on May 6, 2011, ordered Petitioner to file

27   an amended petition that included a transcript of the November 25, 2009 parole hearing in order to

28   provide the Court with the necessary record to determine whether, under the United States Supreme

1   Court's recent decision in Swarthout[1], Petitioner has state a cognizable federal claim for denial of

2   procedural due process.  (Doc. 6).  On May 24, 2011, Petitioner filed a first amended petition;

3   however, Petitioner has not included a copy of the parole hearing transcript, as required by this

4   Court.  (Doc. 7).  Instead, Petitioner contends in the first amended petition that the BPH's reliance on

5   the "unchanging factors" of the commitment offense, Respondent has violated Petitioner's due

6   process rights.  (Doc. 7, p. 4).

7        I.  Preliminary Screening of the Petition.

8        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

9   if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

10  not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

11  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any

12  attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4;

13  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490

14  (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to

15  the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice

16  pleading is not sufficient; rather, the petition must state facts that point to a real possibility of

17  constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at

18  420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to

19  summary dismissal.  Hendricks, 908 F.2d at 491.

20       Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a

21  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

22  respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory

23  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th

24  Cir.2001).

25       II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

26       On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

27

28       _____

         [1] Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859  (Jan. 24, 2011)

1   1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

2   corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063

3   (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586

4   (1997).  The instant petition was filed on April 26,  2011, and thus, it is subject to the provisions of

5   the AEDPA.

6        Here, Petitioner alleges in his first amended petition that he is an inmate of the California

7   Department of Corrections and Rehabilitation who is serving a sentence of fifteen-years-to-life for

8   his conviction for second degree murder with a gun enhancement.  (Doc. 7, p. 1).  Petitioner does not

9   challenge either his conviction or sentence; rather, Petitioner challenges the November 25, 2009

10  decision of the BPH finding him unsuitable for parole.  (<u>Id</u>.).

11       A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

12       As discussed more fully below, the claims in the petition sound exclusively in substantive

13  federal due process and therefore are not cognizable in these proceedings.

14       The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

15  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

16  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

17  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

18  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

19  2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.

20  Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section

21  2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

22  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.

23  Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

24  U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

25  in a decision that was contrary to, or involved an unreasonable application of, clearly established

26  Federal law, as determined by the United States Supreme Court; or resulted in a decision that was

27  based on an unreasonable determination of the facts in light of the evidence presented in the State

28  court proceeding. 28 U.S.C. § 2254(d)(1), (2).

1   Because California's statutory parole scheme guarantees that prisoners will not be denied

2   parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

3   that California law creates a liberty interest in parole that may be enforced under the Due Process

4   Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d

5   606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v.

6   Cooke, ___ U.S.___, 131 S.Ct. 859 (2011). The Ninth Circuit instructed reviewing federal district

7   courts to determine whether California's application of California's "some evidence" rule was

8   unreasonable or was based on an unreasonable determination of the facts in light of the evidence.

9   Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

10   On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke,

11   ___ U.S.___, 131 S.Ct. 859 (2011). In that decision, the United States Supreme Court characterized

12   as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a

13   liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in

14   turn requires fair procedures with respect to the liberty interest. Swarthout, 2011 WL 197627, *2.

15   However, the procedures required for a parole determination are the minimal requirements

16   set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

17   2100 (1979).[2] Swarthout v. Cooke, 131 S.Ct. 859 at 862. In Swarthout, the Court rejected inmates'

18   claims that they were denied a liberty interest because there was an absence of "some evidence" to

19   support the decision to deny parole. In doing so, the High Court stated as follows:

20   There is no right under the Federal Constitution to be conditionally released before the
     expiration of a valid sentence, and the States are under no duty to offer parole to their
21   prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due
     Process Clause requires fair procedures for its vindication–and federal courts will review the
22   application of those constitutionally required procedures. In the context of parole, we have
     held that the procedures requires are minimal. In Greenholtz, we found that a prisoner
23   subject to a parole statute similar to California's received adequate process when he was
     allowed an opportunity to be heard and was provided a statement of the reasons why parole
24   was denied. (Citation omitted.)

25   Swarthout,131 S.Ct. at 862.

26   _____

27        [2] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting
     or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and
28   to be given a statement of reasons for the decision made. Id. at 15-16. The decision maker is not required to state the
     evidence relied upon in coming to the decision. Id.

1    The Court concluded that the petitioners had received the due process to which they were

2    due:

3        They were allowed to speak at their parole hearings and to contest the evidence against them,
         were afforded access to their records in advance, and were notified as to the reasons why
4        parole was denied...

5        That should have been the beginning and the end of the federal habeas courts' inquiry into
         whether [the petitioners] received due process.
6

7    Swarthout, 131 S.Ct. at 862.  The Court went on to expressly point out that California's "some

8    evidence" rule is not a substantive federal requirement, and correct application of the State's "some

9    evidence" standard is not required by the federal Due Process Clause.  Id.  The Supreme Court

10   emphasized that "the responsibility for assuring that the constitutionally adequate procedures

11   governing California's parole system are properly applied rests with California courts, and is no part

12   of the Ninth Circuit's business."  Id. at 863.

13       Swarthout forecloses **any claim** premised upon California's "some evidence" rule because

14   this Court cannot entertain substantive due process claims related to a state's application of its own

15   laws.  Here, the sole ground raised in the instant first amended petition sounds exclusively in

16   substantive due process and is therefore foreclosed by Swarthout.  Review of the record for "some

17   evidence," or for a "nexus" between present dangerousness and certain indicia, or, as contended by

18   Petitioner, reliance upon the unchanging circumstances of the commitment offense to support denial

19   of parole, are simply not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

20   Accordingly, Petitioner's claim should be summarily dismissed.

21       Moreover, to the extent that Petitioner's claim rests solely on state law, it is not cognizable on

22   federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to

23   the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16

24   (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the

25   application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

26   616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

27   law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

28   ///

B.  Procedural Due Process

Petitioner has neither claimed nor established a violation of his federal right to procedural due process.  Equally importantly, Petitioner has failed to include a transcript of the BPH hearing, despite the Court's express order that Petitioner attach such a transcript to his amended petition.  It is **Petitioner's burden** to present evidence showing a violation of his procedural due process rights, i.e., either that he was not present at the BPH hearing, that he was not given an opportunity to be heard at the hearing, that he was not represented by counsel, or that he was not given a statement of the Board's reasons for denying  parole.

According to the Supreme Court, when all of the above factors are present, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131 S.Ct. at 862.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.  Thus, unless Petitioner has some basis to assert that one of those factors has not been met in his case, asserting a procedural due process claim in an amended petition would be frivolous.

Having failed to meet his burden of showing a violation of his federal due process rights, Petitioner has failed to state a claim upon which habeas relief can be granted.  Accordingly, the petition should be summarily dismissed.

## RECOMMENDATION

For the foregoing reasons, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1), be SUMMARILY DISMISSED for failure to state a claim upon which federal habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.

1    The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

2    parties are advised that failure to file objections within the specified time may waive the right to

3    appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5    IT IS SO ORDERED.

6    Dated:   **June 13, 2011**                                        **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28